**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES S. PENDERGRAFT, IV,

        Plaintiff,

-vs-                                 Case No. 6:11-cv-1116-Orl-31KRS

STATE OF FLORIDA; AGENCY FOR
HEALTH CARE ADMINISTRATION;
PAM BONDI, in her capacity as Attorney
General for the State of Florida; LAURA
MACLAFFERTY, individually and in her
capacity as Unit Manager, Bureau of Health
Facility Regulation for the Administrative
Health Care Agency; and RICHARD
SALIBA, individually and in his capacity as
Assistant General Counsel of the
Administrative Health Care Agency,

        Defendants.
_____

## ORDER

This cause came before the Court without a hearing on the Verified Motion for Temporary Restraining Order (Doc. 2) filed by the Plaintiff, James Pendergraft ("Pendergraft"), who appears *pro se*. Pendergraft asserts in his motion that he owns and operates an outpatient abortion facility, Orlando Women's Center, LLC ("OWC"). OWC operates at the same physical address as Center of Orlando for Women, LLC, another outpatient abortion facility. Pendergraft challenges Rule 59A-35.100(2) of the Florida Administrative Code, which provides in pertinent part that "more than one license will not be issued to operate the same provider types at the identical physical or street address." The Rule also provides that "[e]xisting licensees must comply with this paragraph upon renewal."

Pendergraft contends that the state is refusing to renew OWC's license, pursuant to Rule 59A-35.100(2), because of the presence of the Center of Orlando for Women, LLC at the same address. In his motion, which was filed July 6, 2011, Pendergraft asserts that in the absence of injunctive relief, OWC's license will expire on July 5, 2011.

However, Rule 59A-35.100(2) took effect nearly a year ago, on July 14, 2010. Pendergraft admits receiving notice of the rule in August 2010. (Doc. 3-1 at 5). On March 15, 2011, he filed a petition with the Agency for Health Care Administration, seeking a waiver as to application of the rule. (Doc. 3-1 at 6). The petition was denied on June 11, 2011. (Doc. 3-1 at 6). In short, Pendergraft has been aware of the rule and its potential consequence for more than a year, and knew almost a month ago that his effort to secure a waiver had failed. Despite this, he waited until the day *after* the license was set to expire to file this action. Any need for emergency relief is the result of Pendergraft's own lack of diligence rather than any action taken by the Defendants. Under these circumstances, Pendergraft is not entitled to the emergency equitable relief he seeks. *See, e.g., Hill v. McDonough*, 464 F.3d 1256 (11th Cir. 2006) (denying stay of execution where inmate had not been diligent in pursuing challenge to state's lethal-injection protocol). In addition, to the extent that the expiration of the license might constittute irreparable harm, that harm has already occurred.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Temporary Restraining Order (Doc. 2) is **DENIED.** And it is further

**ORDERED** that the Plaintiff shall expeditiously serve the Defendants with the Complaint, both of his motions, and this order, and shall file a notice to the Court when this has been

accomplished. When the notice if filed, the Court wil set the Motion for Preliminary Injunction (Doc. 3) for hearing.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 7, 2011.

John Antoon II
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party